UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL VANPORTFLIET et al.,

        Plaintiffs,                              Case No. 1:14-cv-396

v.                                            HON. JANET T. NEFF

CARPET DIRECT CORPORATION et al.,

        Defendants.

_____/

## OPINION

Plaintiffs Paul VanPortfliet; Carpet Direct Trust; VP Property & Development, LLC; Mike Hickman; Hickman Corporation; Allan Davisson; Goldstar Group, Inc.; Davisson Enterprises, LLC; Michael Shauver; Richard Shauver Company, LLC; Robert Hanson; and Walking R Enterprises filed this multi-claim case against Carpet Direct Corporation ("Carpet Direct" or "CDC"), a Colorado corporation with which they formerly had or currently have a business relationship, and five individual Defendants associated with Carpet Direct: Gayle Crouch, Greg Jensen, James Rausch, and Charles Owens, Jr., as well as the company's CPA/CDC board member, Ronald L. Goodrich. Pending before the Court are two separate defense motions: (1) Motion to Dismiss or transfer this case based on venue and lack of personal jurisdiction, filed by Defendants Carpet Direct, Crouch, Jensen, Owens, and Rausch ("CDC Defendants") (Dkt 66); and (2) Defendant Goodrich's Motion to Dismiss under FED. R. CIV. P. 12(b)(2) for Lack of Personal Jurisdiction (Dkt 62). After full consideration, the Court concludes that oral argument is unnecessary to resolve the pending motions. *See* W.D. Mich. LCivR 7.2(d). The Court further concludes that this case is properly transferred to Colorado federal district court.

## I. Background

The twelve Plaintiffs in this action include five individual Plaintiffs: Paul VanPortfliet, Mike Hickman, Allan Davisson, Michael Shauver, and Robert Hanson, two of whom, Hickman and Hanson, are residents of Colorado (Second Amended Complaint, "SAC," Dkt 41, ¶¶ 20, 22), while the other three are residents of Michigan (*id.* ¶¶ 10, 13, 16).  The remaining seven Plaintiffs are business entities of the individual Plaintiffs.

Defendants include Carpet Direct, a Colorado corporation with its principal place of business in Colorado; individual Defendants Gayle Crouch, Greg Jensen, and Ronald L. Goodrich, all residents of Colorado; James Rausch, a resident of Michigan; and Charles Owens Jr., a resident of Kansas (SAC ¶¶ 26, 27-29, 31, 33).

Plaintiff's Second Amended Complaint (SAC, Dkt 41) alleges five counts.  The sole federal claim is Count I, alleging violations of the Fair Labor Standards Act (FLSA) by the five individual Plaintiffs against Defendant Carpet Direct.  The remaining four counts allege state-law claims of Fraud (all Plaintiffs against all Defendants), Unjust Enrichment (all Plaintiffs as to Defendant Carpet Direct), Civil Conspiracy (all Plaintiffs as to Defendants Carpet Direct, Crouch, Jensen and Goodrich), and Violation of Michigan's Franchise Investment Law (Michigan Plaintiffs as against Defendants Carpet Direct, Crouch and Jensen).

This action arises from the individual Plaintiffs' business relationship with Defendant Carpet Direct[1] as brokers, who for a fee to Carpet Direct, have the right to do business under the name Carpet Direct and to benefit from Carpet Direct's advertising, infrastructure, good will, and business

---

[1]The Carpet Direct organization was founded in 1993 by Earl Crouch to sell floor coverings, including carpet, hardwood, laminate, tile, and stone to end-user consumers (SAC ¶ 35).

presence (SAC ¶¶ 36-37, 39).  Plaintiffs allege that the brokers are told that they will end up the owners of their own business within Carpet Direct's business system and are led to believe that they are forming a business they own, that can be sold as an asset or left to their heirs (*id.* ¶ 37).  However, the representations that they would become independent business owners were false (*see id.* ¶¶ 38, 45, 68, 96, 124-125, 129).  Moreover, in 2007, each individual Plaintiff was required to attend a meeting in Colorado, and was told that to continue a business relationship with Defendant Carpet Direct, each had to sign a new agreement, which contained a forum selection clause purporting to require any legal claims to proceed in Colorado (*id.* ¶¶ 4-6).

Plaintiffs allege that the duties they performed for Carpet Direct over the years made them employees, not independent contractors (SAC, Dkt 41 at PageID.367).  Each individual Plaintiff was paid as an independent contractor and not allowed overtime hours, benefits, vacation pay, unemployment when terminated, workers compensation, social security benefits, or the proper training as required by law (SAC ¶ 135).  Plaintiffs were required to pay for company expenses, which Defendant Carpet Direct promised to reimburse, but did not, leaving Plaintiffs to pay tens of thousands of dollars in business expenses for Defendant Carpet Direct (*id.* ¶ 136).  Each business/corporate Plaintiff suffered losses when Defendants interfered with the employees' ability to earn and further build their businesses (*id.* ¶ 138).  Plaintiffs have suffered damages because of Defendants' fraudulent misrepresentations and/or misclassification of the individual Plaintiffs as exempt employees to avoid paying them hourly wages and benefits (*id.* ¶¶ 135-150).

The parties dispute whether this Court has personal jurisdiction over the non-Michigan Defendants, whether the Western District of Michigan is a proper venue, or alternatively whether this case should be transferred to a federal district court in Colorado, or dismissed without prejudice

3

based on the forum selection clause providing for venue in the Custer County, Colorado courts. Although Plaintiffs acknowledge the forum selection clause contained in the 2007 Agreements they signed with Carpet Direct, they contend that the Agreements do not govern this dispute because they were procured through fraud, signed under duress, and otherwise resulted from unconscionable means.

## II.  Discussion

### A.  CDC Defendants' Motion

The CDC Defendants move to dismiss Plaintiffs' Second Amended Complaint, or alternatively transfer this case to the Colorado federal district court, pursuant to Rule 12(b)(6), asserting: (1) the Western District of Michigan is an improper venue for this case because no substantial portion of the relevant events or omissions occurred in Michigan; (2) the Western District of Michigan does not have personal jurisdiction over Carpet Direct Corporation, Gayle Crouch, Greg Jensen, and Charles Owen Jr.; and (3) the Western District of Michigan is *forum non conveniens* and the contractual forum selection clause should be enforced (Dkt 66 at PageID.548).  Because this Court is strongly persuaded that this case should be transferred pursuant to 28 U.S.C. § 1404(a), the Court need not resolve the issues of improper venue and lack of personal jurisdiction or the other bases for transfer.[2]

Pursuant to 28 U.S.C. § 1404(a), the Court may transfer a civil action to another district:

> For the convenience of parties and witnesses, in the interest of justice, a
> district court may transfer any civil action to any other district or division where it

---

[2]This includes the propriety of a motion under Rule 12(b)(6) at this stage of this litigation. *See Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 580, n.4 (2013).

might have been brought or to any district or division to which all parties have consented.

"District courts have wide discretion to transfer an action under 28 U.S.C. § 1404(a) in order to prevent waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Helder v. Hitachi Power Tools, Ltd.*, 764 F. Supp. 93, 95-96 (E.D. Mich. 1991); *see also Reese v. CNH Am. LLC,* 574 F.3d 315, 320 (6th Cir. 2009).

"[I]n ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006) (quoting *Moses v. Bus. Card Exp., Inc.,* 929 F.2d 1131, 1137 (6th Cir. 1991)).  Thus, the court should evaluate case-specific factors affecting both private and public interests, including:

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Perceptron, Inc. v. Silicon Video, Inc.*, 423 F. Supp. 2d 722, 729 (E.D. Mich. 2006); *see also Steelcase, Inc. v. Smart Techs., Inc.*, 336 F. Supp. 2d 714, 719 (W.D. Mich. 2004).

"[T]he moving party bears the burden of proving why a court should transfer the action." *Smart Techs.*, 336 F. Supp. 2d at 719.  This burden is a heavy one and requires that the moving party show that the factors weigh strongly in favor of transfer.  *Id.*

Defendants rely on the forum selection clause in the Agreements the individual Plaintiffs signed with Carpet Direct to argue that the Custer County, Colorado state court is the proper venue

5

for the claims at issue: "[t]he venue for any and all claims shall be Custer County, Colorado" (Dkt 60, at PageID.464). As the Supreme Court recently explained in *Atlantic Marine Construction Company, Inc. v. U.S. District Court for the Western District of Texas*, 134 S. Ct. 568 (2013), the *forum non conveniens* "calculus changes [] when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Id.* at 581 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). "[B]ecause the overarching consideration under § 1404(a) is whether a transfer would promote 'the interest of justice,' 'a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.'" *Id.* (quoting *Stewart*, 487 U.S. at 33). Accordingly, in the face of a valid contractual forum selection clause, courts must alter the typical change of venue analysis by giving no weight to the plaintiff's choice of forum or the parties' private interests, and the typical choice of law rules do not apply. *See id.* at 581-82.

Plaintiffs dispute that the forum selection clause applies to their claims. They argue the clause was procured through fraud, duress or at least, unconscionable means, and should not be enforced. They assert that the CDC Defendants disregard that the forum selection clause rule in *Atlantic Marine* only applies if the clause is valid and enforceable. *See Atlantic Marine*, 134 S. Ct. at 581, n.5.

In evaluating the enforceability of a forum selection clause, a court should consider "'(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust.'" *Smith v. Aegon Cos. Pension Plan*, 769 F.3d 922, 930 (6th Cir. 2014) (citation omitted).

Plaintiffs strenuously argue that Carpet Direct's means of obtaining the forum selection clause was "unfair, unreasonable, and unconscionable" because in October 2007, the individual Plaintiffs were called to a broker meeting in Colorado and "were informed that they did not really own the business that they had invested years, in some cases decades, of their lifetimes building. And, they were told that they had two options: either sign this new contract that was put in front of them, or lose their investment. Plaintiffs, given the choice between sign[ing] the contract or los[ing] everything chose the former" (Dkt 68 at PageID.577-578) (internal citations omitted). Plaintiffs assert that the other factors expressed in *Smith* likewise do not weigh in favor of enforcing the forum selection clause (*id.* at PageID.578-579). Plaintiffs argue moreover, that even if valid, the forum selection clause should not apply to the FLSA claims, which stem from a violation of statutory duties, not the parties' Agreements (*id.* at PageID.579-582).

The CDC Defendants nonetheless argue that the clause is valid because Plaintiffs have failed to provide a specific showing of fraud or unconscionable conduct with respect to the forum selection clause, as opposed to the Agreement generally, which is required to invalidate a forum selection clause under Sixth Circuit law (Reply, Dkt 65 at PageID.543). "'General claims of fraud [ ] do not suffice to invalidate the forum selection clause.'" *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009) (citation and internal quotations omitted). Defendants further argue that the clause is broadly written to encompass "any and all " claims between the parties, and it thus encompasses the FLSA claims (Dkt 65 at PageID.545).

The Court need not resolve the dispute concerning the enforceability of the forum selection clause. The fact that a legitimate dispute exists as to whether the forum selection clause applies to the claims at issue is, in and of itself, a consideration that minimizes its weight in the Court's

transfer analysis.  *See* 15 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 3854.1 (4th ed.) (a forum selection clause may be ignored as a factor if it does not clearly apply to the action or if its binding nature is uncertain or disputed) (citing *Auto-Wares, LLC v. Wis. River Co-op Servs.*, No. 1:09-cv-702, 2010 WL 2508356, at *3 n.3 (W.D. Mich. 2010); *Sylvester Material, Inc. v. John Carlo, Inc.*, No. 3:04CV7686, 2005 WL 1176054, at *4 (N.D. Ohio May 17, 2005) (declining to give weight to a forum-selection clause in a § 1404(a) transfer analysis because the applicability of the clause was in dispute); *Pax, Inc. v. Veolia Water N. Am. Operating Servs., Inc.*, 347 F. Supp. 2d 281, 284 (W.D. Va. 2004) (the record was insufficient to determine whether a disputed forum-selection clause was binding)).

But even assuming, without deciding, that the forum-selection clause is inapplicable as Plaintiffs contend, the Court concludes that a transfer of venue is still appropriate considering the relevant factors under § 1404(a).  This case is centered on conduct and activities initiated in Colorado, where Carpet Direct operates.  Defendant Carpet Direct is a Colorado corporation with its principal place of business in Colorado.  As the CDC Defendants point out, Plaintiffs' claims and allegations arise from the parties' business relationship, specifically claims about Carpet Direct's business model and the 2007 Agreements signed by Plaintiffs in Colorado, which they claim fundamentally altered their relationship with Carpet Direct.  Plaintiffs all traveled to Colorado to sign Agreements, which designate Colorado law as the law governing the Agreements and also establish Colorado as the forum for disputes.  Three of the five individual Defendants are residents of Colorado.  The various Defendants' conduct and activities in Michigan, if any, appear to be minimal.  Moreover, two of the five individual Plaintiffs are residents of Colorado, and it does not appear that the Colorado Plaintiffs or their claims have any connection with Michigan.  The sole

federal claim, the FLSA claim, is alleged against the Colorado corporate Defendant Carpet Direct only.

Under the circumstances presented, a number of the factors weigh in favor of a transfer to Colorado:  the convenience of most of the likely witnesses; the location of relevant documents and relative ease to access of sources of proof; the locus of the operative facts; the availability of process to compel the attendance of unwilling witnesses; and, if Colorado law is invoked to govern the majority of the state law claims—the forum's familiarity with the governing law.

Although Michigan is Plaintiffs' asserted choice of forum, it does not appear to have any prevailing connection to the legal claims.  Thus, the Michigan forum does not warrant the weight generally accorded the plaintiff's choice of forum.

To the extent the forum selection clause bears on the transfer at all, it is persuasive evidence that the parties' dispute properly belongs before the Colorado courts, which are most familiar with, and certainly have a significant interest in the governing law.  While the parties offer no particular argument on certain other factors, such as the relative means of the parties, the Court cannot conclude on the circumstances underlying the parties' business relationships, that Plaintiffs would suffer significant detriment in having to proceed in the Colorado federal district court, as opposed to the Western District of Michigan.  In short, the Court finds the weight of the factors, including the interests of justice, warrant transfer.

Accordingly, the CDC Defendants' Motion to Transfer Venue to the Colorado federal district court pursuant to § 1404(a), is granted.

### B.  Defendant Goodrich's Motion

Defendant Goodrich, a Colorado resident, seeks dismissal for lack of personal jurisdiction. He argues that Plaintiffs have failed to establish that he had sufficient minimum contacts with Michigan to satisfy due process and to allow this Court to exercise personal jurisdiction over him.

Having determined that this case is properly transferred to the federal district court in Colorado, the Court need not address the issue whether this Court has personal jurisdiction over Defendant Goodrich.  Accordingly, his motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction is denied as moot.

### III.  Conclusion

For the reasons stated, the Court concludes this case is properly transferred to Colorado federal district court.  The CDC Defendants' motion is therefore granted with respect to the request to transfer this case pursuant to 28 U.S.C. § 1404(a), and is otherwise denied.  Defendant Goodrich's motion to dismiss for lack of personal jurisdiction is denied as moot.  An Order will enter consistent with this Opinion.


Dated: March  15 , 2016                              /s/ Janet T. Neff
                                                  JANET T. NEFF
                                                  United States District Judge

10